FRANKLIN v. SMITH et al. (No. 6834.)

(Court of Civil Appeals of Texas. Galveston. Nov. 19, 1914. Rehearing Denied Dec. 17, 1914.)

HOMESTEAD (§ 57½*)—USE OF PROPERTY—AGRICULTURE.

Plaintiff in 1876 purchased certain city lots in controversy, fenced and used them for garden purposes for several years, and 15 years prior

to the suit had built a house on the lots, which was occupied by his son, rent free. The lots were also used to grow plums and to graze plaintiff's animals when not at work, but the amount of produce obtained was not shown, and plaintiff himself, during that time, resided on other property. *Held* insufficient, as a matter of law, to sustain a claim that the property was homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 401; Dec. Dig. § 57½.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Special Judge.

Suit by Henry Franklin against W. E. Smith and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Stevens & Stevens, of Liberty, for appellant. E. T. Chew, of Houston, for appellees.

PLEASANTS, C. J. This is a suit for injunction, brought by appellant against the appellees, to restrain the sale, under a deed of trust executed by appellant, of four lots in the city of Houston, owned by appellant. The two grounds upon which the injunction was sought were that the property was at the time the deed of trust was executed, and is now, a part of appellant's homestead, and that plaintiff has paid a portion of the indebtedness to secure which the deed of trust was executed, but that defendants have not credited plaintiff with the payments made by him and are attempting to sell said property for the whole of said indebtedness.

On July 6, 1914, Hon. Norman G. Kittrell, special judge for the Sixty-First judicial district, upon presentation of the petition to him, indorsed thereon the following order:

"The injunction prayed for will issue on plaintiff giving bond in the sum of $100, conditioned as required by law; the injunction to be treated as a temporary stay application for injunction, with leave to defendants to move at any time to modify or dissolve."

On July 8, 1914, the defendants filed the following answer and motion:

"Now come the defendants W. E. Smith and A. W. H. Lee, in the above numbered and entitled cause, and move the court to set aside its order heretofore made in this cause enjoining the defendant A. W. H. Lee from making sale under the deed of trust described in plaintiff's petition, and that said defendant be permitted to make said sale, because:

"(1) Defendant W. E. Smith has and will allow plaintiff all the credits on said notes to which he is entitled and, under the terms of said deed of trust, any excess over and above what is due the defendant W. E. Smith, and the expenses of said sale are to be returned to plaintiff, for all of which plaintiff has a remedy, and therefore said ground set out in plaintiff's petition does not support the injunction herein issued.

"(2) Defendants further alleged that the allegations in plaintiff's petition, to the effect that the property described in said deed of trust, which is the same as that set out in plaintiff's petition, is his homestead, is false, and is made for the sole purpose of delaying the sale by said trustee under said deed of trust. Defendants allege: That plaintiff has resided on the corner

of Jackson and Leland streets for more than 35 years, and during all of said time has owned said property and made same his home. That plaintiff never resided on the property described in plaintiff's petition and in said deed of trust, and has never claimed same to be his homestead prior to the allegations in his petition herein filed. Plaintiff has borrowed money on the property described in said deed of trust on many occasions in the last few years, and there is now a prior first lien mortgage on said property held by Mr. Ed. S. Phelps, amounting to the sum of $1,700. That the deed of trust given by plaintiff to secure the notes given the defendant W. E. Smith is a second lien, and it is highly necessary, to preserve his rights, that said property be sold by said trustee, A. W. H. Lee, for, if said sale is not allowed to take place immediately, Mr. Phelps will foreclose his mortgage, which is now due, and the additional attorney's fees and costs will limit the chances of the defendant W. E. Smith to get his money out of said property.

"(3) Wherefore defendants pray that they have an immediate hearing, and that said injunction be dissolved and held for naught, and for such other and further relief, both in law and equity, as defendants may show themselves entitled upon the trial hereof."

Upon a hearing on July 28, 1914, the judge made the following order:

"On this 28th day of July, A. D. 1914, in chambers, before me came on to be heard the plaintiff's petition for a temporary injunction, as prayed for in said petition, and the court having heard the same, together with the evidence adduced, is of the opinion that said application for said injunction be denied. It is therefore ordered, adjudged, and decreed that the petition of Henry Franklin for a temporary injunction, as prayed for, to restrain W. E. Smith and A. W. H. Lee from selling the property at trustee's sale, be denied and refused, to which order of the court the plaintiff, Henry Franklin, excepted and gave notice of appeal to the Court of Civil Appeals. It is ordered, however, that the defendants be restrained from selling the property at trustee's sale, described in plaintiff's petition, during the pendency of this appeal, upon the plaintiff executing an appeal bond in the manner, within the time, and as provided by law, in the sum of $1,200, payable to the defendants."

The hearing was upon the sworn pleadings of the parties and the oral testimony of the plaintiff. The testimony of the plaintiff as to use of the lots in question for homestead purposes was, in substance, that he had lived for about 40 years on two lots on Leland street in the city of Houston, some ten blocks distant from the lots in question. He bought the lots on which he lived in 1876 for $290, and had lived there ever since with his family, consisting of wife and a number of children. He bought the four lots in controversy about 23 years ago, and paid therefor from $100 to $125 per lot. His statements as to the use of the property were as follows:

"When I bought the lots I put a fence around them, at the time I bought them, and after I fenced the ground I made a garden there. I grew corn and potatoes in that garden, and after I raised them I ate them. * * * I built a house on these four lots. That has been about 15 years ago, I think. That house is there yet. My son is living in it. My son does not pay any rent for said house. He has been living there about seven years. I planted some plum trees

on said four lots. The plum trees have been there about 15 years or more. They grow plums, and we eat them and use them for the family. I use the corn and potatoes and watermelons that I grow for my family. I have not grown anything this year because there was too much rain, and it knocked us out. We had corn there last year, and year before last we had corn and watermelons, besides the potatoes. We ate the watermelons and potatoes; used them for my family. I have got one horse and four mules. I graze them out on the four lots on Sunday, and they are working during the week. They are hired out during the week. On Sundays we graze them there where there is no crop growing. They have been grazing there this year on Sundays."

He further testified that he had never claimed these lots as his home, and that he had mortgaged them to Mr. Phelps prior to the execution of the deed of trust to secure the defendant Smith.

We do not think this evidence required a finding by the trial court that the lots in question were a part of the plaintiff's homestead. The use of the property for household purposes is not shown to have been continuous but only occasional, and such use as is shown seems to have been trivial and unimportant. Giving the testimony its strongest intendment in favor of the homestead claim, it only shows that, at some time after the purchase of the lots 23 years ago, plaintiff fenced them and made a garden on them in which he raised some corn and potatoes, which he ate. Neither the extent of the garden nor the amount of the corn and potatoes raised is indicated. About 15 years ago he planted some plum trees on the lots, and the plums grown thereon are used by plaintiff's family. Whether there are two or dozens of plum trees, or whether the plum crop amounts to a quart or to many bushels, is not shown. It is equally uncertain what amount of corn was grown last year or what quantity of watermelons and potatoes were grown the year before last. We are of opinion a more definite showing of a substantial beneficial use of the property for household purposes should be made to sustain plaintiff's claim that the lots in question were a part of his homestead. We thing the evidence justifies the conclusion that for the past seven years at least the principal use of the property has been that of a home for plaintiff's son, who has lived on the property during said time. The fact that a dwelling house was built on the property 15 years ago would indicate that it was not intended to be used by plaintiff in connection with and as a part of his homestead, situated 10 blocks away. Blum v. Rogers, 78 Tex. 530, 15 S. W. 115.

The testimony as to the credit claimed by plaintiff on the indebtedness for which the lots were advertised for sale is also indefinite and uncertain, and, upon the facts disclosed by the record, the sale should not be enjoined upon the second ground alleged in the petition. These conclusions require that the judgment of the court below be affirmed; and it has been so ordered.

Affirmed.